EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pedro Sánchez Isaac y Otros Demandantes, Etc.<br><br>Peticionarios<br><br>vs.<br><br>Sylvania Lighting, Co., y/o Silvana Manufacturing, Co., Etc.<br><br>Recurridos | Certiorari<br><br>2006 TSPR 27<br><br>166 DPR \_\_\_\_ |

Número del Caso: CC-2004-1191

Fecha: 23 febrero 2006

Tribunal de Apelaciones:

        Región Judicial de Fajardo

Juez Ponente: Hon. Carmen A. Pesante Martínez

Abogado de la Parte Peticionaria:

        Lcdo. Luis R. Mellado-González

Abogados de la Parte Recurrida:

        Lcdo. Pedro E. Giner Dapena
        Lcdo. Gregory T. Usera
        Lcda. Sara E. Colón-Acevedo

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pedro Sánchez Isaac y Otros
Demandantes, Etc.

    Peticionarios

      Vs.                   CC-2004-1191      Certiorari

Sylvania Lighting, Co., y/o
Silvana Manufacturing, Co.,
Etc.

    Recurridos


Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.


San Juan, Puerto Rico, a 23 de febrero de 2006.

Nos toca decidir, por primera vez, si es obligatoria la imposición de costas que surge del Art. 13 de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948 (29 L.P.R.A. sec. 282), en casos como el de autos.


I

Pedro Sánchez Isaac y varios otros empleados (en adelante los peticionarios) demandaron a su patrono Osram Sylvania Puerto Rico Corp. (en adelante Osram) por alegadas violaciones a distintas leyes laborales. Alegaron, entre otras reclamaciones, que Osram no les había compensado debidamente por las horas extras trabajadas durante

el período para tomar alimentos y durante el séptimo día (el día de descanso).

Luego de los trámites procesales de rigor, el Tribunal de Primera Instancia, Sala Superior de Fajardo, dictó una sentencia sumaria parcial a favor de Osram el 28 de marzo de 2003. De esa sentencia los peticionarios apelaron al Tribunal de Apelaciones y le imputaron quince errores al Tribunal de Primera Instancia. El 31 de octubre de 2003 el foro apelativo atendió el recurso y modificó la sentencia del tribunal de instancia **en cuanto a dos de los quince señalamientos de error**. En primer lugar, el Tribunal de Apelaciones instruyó al Tribunal de Primera Instancia que calculara y ordenara el pago de los salarios adeudados por Osram a los peticionarios por trabajos realizados durante la media hora del período para tomar alimentos, con respecto al intervalo desde que los peticionarios firmaron unas solicitudes de reducción de dicho período hasta la fecha de efectividad de dichas solicitudes, según indicada por el Departamento del Trabajo. En segundo lugar, el foro apelativo modificó la sentencia del tribunal de instancia al concluir que la actuación de Osram de no conceder segundos períodos para tomar alimentos durante la jornada extraordinaria de trabajo antes del 17 de agosto de 1990 fue inválida, según lo resuelto en Acevedo v. P.R. Sun Oil, 145 D.P.R. 754 (1998). Por tanto, ordenó al Tribunal de Primera Instancia a adjudicar también estas partidas.

En vista de lo anterior, los peticionarios presentaron oportunamente ante el Tribunal de Primera Instancia un

Memorando de Costas en Apelación mediante el cual reclamaron el reembolso de $1,006 por concepto de 13,874 páginas de fotocopias, correspondientes a siete escritos de apelación con sus respectivos legajos. En una decisión del 22 de junio de 2004 el foro de instancia denegó la referida solicitud de costas en apelación, decisión que fue confirmada por el Tribunal de Apelaciones el 9 de noviembre de 2004. De esta determinación del foro apelativo los querellantes recurrieron ante nosotros mediante un escrito de *certiorari*. En su recurso, los peticionarios señalaron como único error que: "[e]rró el TA al ratificar lo resuelto por el TPI denegando las costas en apelación a los peticionarios". Adujeron que el Art. 13 de la Ley Núm. 379, *supra*, reconoce el derecho absoluto de los trabajadores puertorriqueños a recobrar las costas y gastos en que hayan incurrido en los procedimientos judiciales interpuestos para reclamar la compensación adecuada por horas de trabajo no pagadas o pagadas de forma insuficiente.

El día 1 de abril de 2005 ordenamos a Osram a que compareciera y mostrara causa por la cual no debería revocarse la decisión del Tribunal de Apelaciones y ordenarle el pago de costas en apelación conforme a lo dispuesto en la Ley Núm. 379, *supra*. Osram presentó su escrito en cumplimiento de nuestra orden el día 9 de mayo de 2005. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.

II

La Ley Núm. 379, *supra*, dispone que la jornada legal diaria de trabajo en Puerto Rico será de ocho horas y que la jornada legal semanal consiste de cuarenta horas de trabajo. Al momento de su promulgación, esta Ley fue caracterizada como "una de las grandes reivindicaciones de la clase obrera". 1948 Leyes de Puerto Rico 1255. Surge del historial legislativo que el propósito primordial de la Ley fue establecer la jornada de trabajo de Puerto Rico, para lo cual ésta fijó el pago de un tipo doble por las horas trabajadas en exceso de la jornada dispuesta, y creó una acción civil combinada de cobro de dinero y daños y perjuicios como penalidad para el patrono que violara sus disposiciones. La Asamblea Legislativa aprobó esta medida para proteger "la salud, la seguridad y la vida del trabajador" de las jornadas excesivas que antes imponían los patronos en aras de aumentar la producción. Id. "[L]a política de esta Ley es ... corregir y tan rápidamente como sea posible eliminar las condiciones de explotación del trabajador". Id. pág. 1257. Por esta razón la Ley es de carácter extraordinario y provee la imposición de sanciones para aquel patrono que no cumpla con sus obligaciones de pago. Así, "desalienta el empleo en horas extras por razón de la carga económica adicional que impone al patrono [y] conlleva una compensación más justiciera para el hombre forzado a rendir una jornada mayor". Id. La importancia de esta legislación la llevó a ser elevada a rango

constitucional en 1952. A estos efectos, nuestra Carta de Derechos declara que:

> Se reconoce el derecho de todo trabajador a ... un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo. Sólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley. Art. II Sec. 16 Const. E.L.A.

Ya en otras ocasiones hemos expresado que la ascensión de esta disposición legislativa a rango constitucional obedece al temor de los constituyentes de que nuevas actuaciones legislativas pudiesen vulnerar este derecho de los trabajadores. Véase Almodóvar v. Margo Farms, 148 D.P.R. 103, 110 (1999); A.D. Miranda, Inc. v. Falcón, 83 D.P.R. 735, 743 (1961). Siempre hemos tenido presente esta ingente preocupación de los constituyentes. Id.

Para proteger adecuadamente el derecho que ella misma instituye, la Ley de Días y Horas de Trabajo establece una causa de acción a favor del empleado cuyo patrono no cumpla con el mandato legislativo. La Ley dispone, en su parte pertinente, que:

> [t]odo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, **además de las costas, gastos y honorarios de abogados del procedimiento.** (Énfasis nuestro). Art. 13 Ley Núm. 379, *supra*.

En Berríos v. Estern Sugar Associates, 79 D.P.R. 688, 704-705 (1956), y en Tulier v. Autoridad de Tierras, 70 D.P.R.

267, 282-283 (1949), tuvimos la oportunidad de interpretar la disposición transcrita con relación a la obligación patronal de pagar honorarios de abogados y en cuanto a la imposición de una suma igual a la adeudada por concepto de daños y perjuicios, respectivamente. En ambos casos establecimos que el Art. 13 de la Ley Núm. 379, *supra*, es un precepto claro e imperativo. Es lógico concluir, entonces, que la imposición de costas que surge de la Ley de Horas y Días de Trabajo es igual de categórica. De modo que el patrono que, por sus acciones e incumplimiento con las providencias legislativas y constitucionales, obligue a su empleado a recurrir a los tribunales para cobrar las cantidades a las que tiene derecho por concepto de horas regulares y horas extras de trabajo tendrá que indemnizar al empleado por los gastos y costas en que este último haya tenido que incurrir para hacer valer su derecho.

III

Visto el derecho aplicable al caso ante nuestra consideración, pasemos a aplicarlo a los hechos en cuestión. Los peticionarios presentaron un sinnúmero de reclamaciones laborales en contra de Osram que fueron resueltas a favor de esta última de forma sumaria por el Tribunal de Primera Instancia. El Tribunal de Apelaciones revocó al foro inferior en cuanto a dos de los quince errores ante él presentados y **condenó a Osram a pagar a los peticionarios la doble compensación por el trabajo de éstos durante el período para tomar alimentos tanto en la jornada**

**ordinaria, como en la jornada extraordinaria**. Se trata precisamente del tipo de evento laboral para el cual la Ley de Horas y Días de Trabajo y la Constitución del E.L.A. procuran garantizar un remedio satisfactorio a los trabajadores puertorriqueños. Conforme al mandato legislativo en cuestión, le corresponde a Osram rembolsar a los peticionarios las costas incurridas por ellos en la tramitación de la apelación que halló a Osram en violación a la Ley de Horas y Días de Trabajo.

No nos convence el argumento de Osram en cuanto a que no procede la concesión de costas porque el Tribunal de Apelaciones confirmó al foro de instancia en la mayoría de sus dictámenes. La teoría de Osram es que, al no haber una parte completamente victoriosa, el Tribunal de Primera Instancia tenía discreción para imponer o no el pago de costas. No tienen razón. Como explicáramos anteriormente, la Ley de Horas y Días de Trabajo, en especial el artículo 13 en cuestión, no deja a nuestra discreción la imposición de costas. Al contrario, la imposición de costas al patrono perdidoso en un caso bajo la Ley Núm 379, *supra*, al igual que la imposición de daños y honorarios de abogado, es un **mandato de ley, imperativo e inexcusable**. Berríos v. Estern Sugar Associates, *supra*, págs. 704-705; Tulier v. Autoridad de Tierras, *supra*, págs. 282-283.

Más aún, incluso si hubiesen dudas, tendríamos que resolver a favor de los trabajadores ya que, al igual que otras legislaciones laborales, esta Ley tiene un carácter reparador y debe tomarse como un instrumento de justicia

social. Así, hemos resuelto que la legislación laboral debe interpretarse de la forma más favorable hacia el obrero. "Su interpretación liberal, a favor de aquellos a quienes las mismas intentan proteger, es imperativa". Rosario Toledo v. Distribuidora Kikuet, 151 D.P.R. 634, 644 (2000); Rodríguez Rosado v. Syntex, res. el 30 de septiembre de 2003, 160 D.P.R. ___, 2003 TSPR 145, 2003 JTS 147.

Tampoco nos persuade Osram al sugerir que no procede la imposición de costas porque los gastos de los peticionarios no fueron ni necesarios ni razonables. Los peticionarios piden la restitución de $1,006 por las copias del escrito de apelación con sus respectivos legajos. El propio Reglamento del Tribunal de Apelaciones vigente al momento de la presentación del recurso requería para la interposición de cualquier recurso que la parte promovente presentara el documento original y cuatro copias, todos con sus respectivos legajos, además de proveerle copias del mismo a la parte promovida. Reglas 70 y 77, Reglamento del Tribunal de Circuito de Apelaciones del Estado Libre Asociado de Puerto Rico de 25 de abril de 1996, según enmendado el 25 de febrero de 1998 (4 L.P.R.A. Ap. XXII-A R. 70 y R.77 [ed. 2002]). No nos parece que cumplir con aquello que dispone el Reglamento del Tribunal de Apelaciones como requisito para la presentación de un recurso sea irrazonable o innecesario. Todo lo contrario, los peticionarios cumplieron a cabalidad con las exigencias del ordenamiento.

Por los fundamentos expuestos, procede que se revoque el dictamen del Tribunal de Apelaciones en el caso de autos.

Se dictará una sentencia de conformidad.

Jaime B. Fuster Berlingeri
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Sánchez Isaac y Otros
Demandantes, Etc.

    Peticionarios

       Vs.                                 CC-2004-1191

Certiorari

Sylvania Lighting, Co., y/o
Silvana Manufacturing, Co.,
Etc.

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 23 de febrero de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen del Tribunal de Apelaciones en el caso de autos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disiente sin Opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo