Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **ROGELIO SANCHEZ MARTINEZ**<br><br>recurrido<br><br>v.<br><br>**MUNICIPIO AUTONOMO DE CAROLINA Y OTROS**<br><br>peticionario | **KLCE202301213** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**CA2018CV02827 (401)**<br><br>Sobre:<br><br>**Prohibición sobre Represalias contra el Empleado** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece la parte peticionaria, el Municipio Autónomo de Carolina, su alcalde, José Carlos Aponte Dalmau y Jesús Morales Trujillo, mediante el recurso de epígrafe, y nos solicita la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Carolina, el 2 de octubre del 2023, notificada el 3 del mismo mes y año. En el referido dictamen, el foro *a quo* declaró *Con Lugar* una solicitud de reconsideración presentada por la parte recurrida, el señor Rogelio Sánchez Martínez, y dejó sin efecto la fianza de no residente impuesta a este.

Por los fundamentos que expondremos a continuación, *se deniega la expedición del auto solicitado.*

**I**

El 12 de octubre de 2018, el señor Sánchez Martínez instó una demanda en contra de la parte peticionaria, sobre la Ley Núm.

Número Identificador
RES2023_____

115-1991, 29 LPRA sec. 194 *et seq,* mejor conocida como la Ley de Represalias. En el pliego, alegó que trabajó en el Municipio Autónomo de Carolina desde el 3 de agosto de 2012, hasta el 31 de diciembre de 2017. Para entonces, ocupaba el puesto de conductor de vehículos de motor pesado. Adujo que fue despedido en represalia por unas presuntas quejas presentadas ante el alcalde del referido municipio.

Tras varios incidentes procesales, entre los años 2018 a 2023, el 13 de septiembre de 2023, la parte aquí peticionaria presentó un escrito intitulado *Breve Réplica.* En el mismo, entre otras cosas, le indicó al tribunal de instancia que se le informó que el señor Sánchez Martínez residía fuera de la jurisdicción de Puerto Rico.

Así, pues, el 15 de septiembre de 2023, el foro primario le ordenó al recurrido a que, en el término de dos (2) días, informará su dirección postal y física y acreditará su residencia.

En cumplimiento con lo ordenado, el 17 de septiembre del 2023, el señor Sánchez Martínez le indicó al tribunal que se encontraba residiendo en el estado de California.

Evaluado lo anterior, el 18 de septiembre de 2023, el Tribunal de Primera Instancia emitió una *Orden* en la que le impuso al recurrido una fianza de mil dólares ($1,000) conforme a las Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

En desacuerdo, el 28 de septiembre de 2023, el señor Sánchez Martínez presentó una solicitud de *Reconsideración.* En el petitorio, acentuó que la Regla 69.5, *supra,* tenía como propósito principal imponerle una fianza a la parte que resida fuera de Puerto Rico para garantizar las costas, gastos y honorarios de abogados a los que pueda ser condenada. Sin embargo, arguyó que la Ley de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA 3118 *et seq,* disponía que todo caso radicado en los tribunales de Puerto Rico por un empleado, en el que se conceda la

reclamación, se condenará al patrono al pago de honorarios. Asimismo, aseveró, que el Artículo 2 de la Ley que Regula la Concesión de Honorarios de Abogado en los Casos de Reclamaciones de Trabajadores o Empleados contra sus Patronos, Ley Núm. 402 de 12 de mayo de 1950, 32 LPRA sec. 3115, detallaba que cuando se dicte sentencia a favor del patrono o querellado, no se condenará al empleado querellante al pago de honorarios de abogado. Así pues, sostuvo que la Regla 69. 5, *supra*, iba en contra los objetivos que perseguían las leyes laborales. En virtud de lo anterior, solicitó al tribunal que reconsiderara la fianza impuesta.

El 2 de octubre de 2023, notificada, el 3 del mismo mes y año, el foro primario emitió una *Orden* en la declaró *Con Lugar* la solicitud de reconsideración y dejó sin efecto la fianza impuesta.

Inconforme con dicha determinación, el 2 de noviembre del año en curso, la parte peticionaria acudió ante nos mediante el recurso del epígrafe y realizó el siguiente señalamiento de error:

> Erró el TPI al revertir su Orden del 18 de septiembre de 2023 y emitir la Orden notificada el 3 de octubre de 2023, en la cual dejó sin efecto su determinación de requerir al demandante prestar fianza de no residente.

En la misma fecha, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*, mediante la cual solicitó que paralizáramos los procedimientos en el foro *a quo*, hasta la disposición final del recurso de epígrafe.

Evaluada la petición, el 3 de noviembre de 2023, emitimos una *Resolución* en la que declaramos *Con Lugar* la solicitud de auxilio de jurisdicción y ordenamos la paralización de los procedimientos en el Tribunal de Primera Instancia. A su vez, solicitamos a la parte recurrida a presentar su posición conforme dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37.

El 13 de noviembre del 2023, el señor Sánchez Martínez compareció en oposición.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 285 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen,

cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

**III**

La parte peticionaria aduce que el foro primario incidió en relevar al señor Sánchez Martínez de la *fianza de no residente*. Sostiene que, a pesar de que la Ley 402, *supra*, dispone que, cuando se dicte sentencia a favor de un patrono querellado en una reclamación laboral, no se le impondrá al empleado querellante el pago de honorarios, la misma especifica que, para efectos de aplicar la política pública promulgada, la palabra patrono incluirá las autoridades y corporaciones públicas del Gobierno Estatal o sus representantes. Así, pues, arguye, que, aunque el Municipio es una entidad gubernamental, no es gobierno estatal, ni una corporación pública. Por otra parte, plantea que en el caso de epígrafe no se encuentran presentes ninguna de las excepciones contempladas por el ordenamiento jurídico vigente para relevar a una persona de la aplicación de la Regla 69.5 de Procedimiento Civil, *supra*.

Precisa señalar que las leyes laborales persiguen dar acceso a la justicia a personas en una situación económica precaria, puesto que han sido cesanteados de su empleo, presuntamente, de forma injustificada. Así pues, nuestro más Alto Foro ha expresado que la legislación laboral es un instrumento de justicia social y debe interpretarse de la forma más favorable al obrero. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico*, 2023 TSPR 80, 212 DPR ___ (2023); *Whittenburg v. Col. Ntra. Sra. del Carmen*, 182 DPR 937 951 (2011); *Sánchez v. Sylvania Lighting*, 167 DPR 247, 254 (2006). Conforme a lo expuesto, entendemos que la Regla 69.5, *supra*, es

incompatible con todo caso en cual un empleado reclame un derecho contra su patrono.

En virtud de lo anterior, y luego de un examen sosegado del expediente ante nos, concluimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario, y que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Asimismo, entendemos que en el presente caso no se encuentran presentes ninguno de los criterios de la Regla 40 de nuestro reglamento, *supra*, que permiten que expidamos el recurso discrecional ante nos.  Por tanto, *denegamos expedir el auto de certiorari* que nos ocupa.

**IV**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de certiorari solicitado y  se deja sin efecto la paralización de los procedimientos decretada mediante la *Resolución* emitida el 3 de noviembre de 2023.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones