Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE SEGURIDAD Y RECREACIÓN VILLAMAR ESTE, INC. (C.O.N.S.E.R.V.E., INC.)<br><br>Parte Recurrida<br><br>v.<br><br>RAFAEL CARRASQUILLO MARTÍNEZ Y OTROS<br><br>Parte Peticionaria | KLCE202400019 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022CV02132<br><br>Sobre: COBRO DE DINERO-ORDINARIO |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece el señor Rafael Carrasquillo Martínez (en adelante, Carrasquillo) y solicita que revoquemos la *Resolución* emitida y notificada el 31 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Carolina. Mediante el referido dictamen, el foro primario denegó el memorando de costas de Carrasquillo porque aún no se ha dictado sentencia final que adjudique el pleito en sus méritos.

Examinada la solicitud de Carrasquillo, y tras un estudio detenido del expediente de autos, resolvemos denegar la expedición del auto de *certiorari*.

**I.**

El presente caso se originó el 1 de julio de 2022, cuando el Consejo de Seguridad y Recreación de la Urbanización Villamar Este, Inc. (en adelante, Consejo) presentó en contra de Carrasquillo y otros codemandados una demanda de cobro de dinero por

concepto de cuotas de mantenimiento del sistema de control de acceso de la urbanización.

En lo pertinente a la controversia ante nuestra consideración, el 16 de mayo de 2023, el TPI ordenó a Carrasquillo - quien se representa por derecho propio y es abogado admitido a ejercer la profesión legal en Puerto Rico - presentar todo escrito y/o documento relacionado con el caso a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), bajo su nombre de usuario y contraseña. En dicha orden, el tribunal expresamente le prohibió a Carrasquillo radicar escritos de forma física en la Secretaría del foro primario.

No conteste con la anterior determinación interlocutoria, Carrasquillo acudió en *certiorari* ante este foro apelativo intermedio. Mediante *Sentencia* emitida el 30 de agosto de 2023, en el KLCE202300749, este Tribunal de Apelaciones expidió el auto de *certiorari* y revocó la orden emitida por el TPI. De tal forma, y a tenor con las circunstancias esbozadas en dicha sentencia, se autorizó a Carrasquillo a presentar cualquier escrito personalmente en la Secretaría del TPI. También se ordenó que toda notificación, resolución o sentencia y todo escrito del Consejo se siguiera notificando por correo electrónico a la dirección de Carrasquillo consignada en el expediente.

Tras ese dictamen, Carrasquillo presentó ante el TPI un memorando de costas al amparo de la Regla 44.1 (c) de Procedimiento Civil. El Consejo se opuso al día siguiente.

El 31 de octubre de 2023, dicho foro dictó la *Resolución* recurrida mediante la cual denegó el memorando de costas de Carrasquillo porque aún no se ha dictado una sentencia que resuelva el caso en sus méritos.

La moción de reconsideración presentada por Carrasquillo el 14 de noviembre de 2023, fue declarada sin lugar mediante resolución emitida y notificada por el TPI el 5 de diciembre de 2023.

Inconforme, el 4 de enero de 2024, Carrasquillo incoó el presente recurso de *certiorari* y apuntó los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al emitir y/o dictar la Resolución, disponiendo "No Ha Lugar al Memorando de Costas, fundamentándose en lo que dejó sin efectos (sic) el Tribunal Apelativo fue una Resolución Interlocutoria y NO UNA SENTENCIA, cuya Resolución fue revisada mediante Certiorari, por lo que es improcedente la SOLICITUD de costas al amparo de la Regla 44.1 (c) de Procedimiento Civil.

> Segundo error: Cometió error el TPI, al mal interpretar (sic) la Regla 44.1 (c) que dispone que se ha de someter un Memorando de Costas ante el TPI por la parte prevaleciente, sobre los gastos incurridos en el caso por el cual dicho Foro Apelativo dictó Sentencia, a favor del Recurrente, para recuperar los costos y gastos incurridos necesariamente en el mismo.

> Tercer error: Incidió en grave error el TPI al no tomar en consideración el concepto REVISIÓN de la Regla 44.1 (a) [h]a ser aplicado al Memo de Costas en la etapa apelativa, según allí se expresa: "Las costas le serán concedidas a la parte a cuyo favor ... o se dicte sentencia en apelación o revisión."

> Cuarto error: Incidió en grave error el TPI al violarle al Codemandado Recurrente el debido proceso de ley y la igual protección de las leyes, al emitir una Resolución al día siguiente de sometida la Oposición y sin permitirle a éste el uso de la Regla 8.4 de las de Procedimiento Civil vigentes (32 LPRA Ap. V, R. 8.4), la que le garantiza a un litigante 20 días para exponer su réplica a la Moción en Oposición de la Parte Demandante sobre el Memo de Costas; impidiendo con ello la utilización de la Regla 8.4 y por ende, violando de esta manera el Artículo II Sección 7 de la Constitución de Puerto Rico, cuando ejerció irrazonablemente su poder, en detrimento del derecho que le asiste al Codemandado-Recurrente.

Evaluados los planteamientos del peticionario, este Tribunal está en posición de resolver.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[1]

Al ser un recurso extraordinario de carácter discrecional, este solo se expedirá en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil[2]. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[3] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si se determina que el recurso cumple con alguna de las disposiciones de la Regla 52.1, debemos atender la solicitud a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento[4]. Por tanto, al momento de valorar la actuación del foro inferior, examinaremos lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[2] 32 LPRA Ap. V, R. 52.1.
[3] *Íd.*
[4] 4 LPRA Ap. XXII-B, R. 40.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[5] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Así pues, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[6]

**B.**

La Regla 44.1 de Procedimiento Civil[7], establece quiénes tienen derecho a reclamar costas y el procedimiento a seguir para reclamarlas:

(a) Su concesión. - Las costas le serán concedidas **a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión**, excepto en

---

[5] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[6] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[7] 32 LPRA Ap. V, R. 44.1.

aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) Cómo se concederán. - La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. (...). Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari*. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.

(c) En etapa apelativa.- **La parte a cuyo favor un tribunal apelativo dicte sentencia** presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o abogada, y su impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1(b) de este apéndice. La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante *certiorari* ante el Tribunal Supremo.

Cuando se revoque la sentencia del Tribunal de Primera Instancia, la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo. (Énfasis nuestro.)

En términos similares, la Regla 85 del Reglamento del

Tribunal de Apelaciones indica que "[l]as costas se concederán **a**

**favor de la parte que prevalezca**, excepto en aquellos casos en que se disponga lo contrario por ley".[8] (Énfasis nuestro).

Sobre lo que constituye una *sentencia*, la Regla 49.2 de Procedimiento Civil expresa que dicho término "incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse". En cuanto a una *sentencia* dictada por un tribunal de apelación, "se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado".[9]

Ahora bien, no todos los gastos del litigio son recobrables como costas.[10] Éstas tienen una función reparadora dirigida a resarcir a la parte victoriosa, mediante el reembolso de aquellos gastos necesarios y razonables en que incurrió para prevalecer en su posición. Así, la norma procesal tiene dos propósitos a saber: restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar, y penalizar la litigación inmeritoria temeraria o viciosa.[11]

Una vez son reclamadas, la imposición de costas a favor de la parte victoriosa es mandatoria. No obstante, su concesión no es automática, ya que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos. Además, el tribunal tiene amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados.[12]

**III.**

---

[8] 4 LPRA Ap. XXII-B, R. 85.

[9] 32 LPRA Ap. V., R. 42.1.

[10] En *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, 213 DPR ___ (2023), el Tribunal Supremo ofrece un desglose de los gastos que son o no recobrables como costas.

[11] *Rosario Domínguez et als. v. ELA, et al.,* 198 DPR 197, 211-212 (2017); *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880, 934 (2012).

[12] *Rosario Domínguez et als. v. ELA, et al.,* supra, pág. 212.

En su recurso, Carrasquillo aduce que, a tenor con la Regla 44.1 de Procedimiento Civil, *supra,* tiene derecho a reclamar costas derivadas del trámite apelativo del recurso KLCE202300749. El TPI se negó a concederlas porque aún no se ha dictado sentencia final que adjudique el pleito en sus méritos.

De entrada, destacamos que la denegatoria de una solicitud de memorando de costas a la parte que resultó victoriosa en un recurso de *certiorari,* no es un asunto que esté comprendido dentro de las instancias en las que la Regla 52.1, *supra,* permite revisar un asunto interlocutorio.

Como indicamos en el apartado anterior, el ejercicio de las facultades discrecionales del foro de primera instancia merece nuestra deferencia. Evaluado el recurso y sus fundamentos, no encontramos que al emitir su determinación el TPI hubiese incurrido en un abuso de discreción o que este hubiera actuado con el prejuicio o una situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Tampoco se demostró que el tribunal se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes. Menos aún se trata de un asunto que revista un interés público.

En resumen, no están presentes ninguno de los criterios que justifique intervenir con el dictamen impugnado. Por tal razón, nos abstenemos de intervenir con el dictamen recurrido.

### IV.

Por las razones antes expuestas, denegamos la expedición del auto de *certiorari.*

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre con voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL ESPECIAL | | |
|---|---|---|
| CONSEJO DE SEGURIDAD Y RECREACIÓN VILLAMAR ESTE, INC. (C.O.N.S.E.R.V.E., INC.)<br><br>Parte Recurrida<br><br>v.<br><br>RAFAEL CARRASQUILLO MARTÍNEZ Y OTROS<br><br>Parte Peticionaria | KLCE202400019 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022CV02132<br><br>Sobre: COBRO DE DINERO-ORDINARIO |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

## **VOTO CONCURRENTE DE LA JUEZ GRANA MARTÍNEZ**

Las costas no son sinónimo de gastos, es decir, no incluyen todos los gastos incurridos en un litigio. Tienen una función reparadora, dirigida a resarcir a la parte victoriosa los gastos necesarios y razonables en que incurrió durante el litigio. *J.T.P. Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 253 (1963). Después de todo, el derecho de la parte vencedora "no debe quedar menguado por los gastos en que tuvo que incurrir sin su culpa y por culpa del adversario". *J.T.P. Development Corp. v. Majestic Realty Corp.*, supra; *Garriga, Jr. v. Tribunal Superior*, supra, pág. 253. Su interpretación es restrictiva y se guía normalmente por el interés de garantizar el mayor acceso a los tribunales. No proceden de oficio, deben ser reclamadas, tanto en su alegación responsiva como dentro del plazo y según los requisitos de la regla. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2nda edición, U.S.A., Publicaciones JTS, 2011, Tomo IV, pág. 1266. Ha de quedar claro que no todos los gastos del litigio son recobrables como costas. No son recobrables como costas los honorarios de abogado, salvo que

una ley especial disponga para ello; los gastos ordinarios de oficina (tales como, pero sin limitarse a sellos de correo postal, materiales de oficina, servicios telefónicos y de mensajería, sin justificar su necesidad para el caso, y compra de mobiliario); la transportación de los abogados durante una inspección ocular, las transcripciones de récords de vista, cuando se soliciten por ser convenientes, pero no necesarias y; los servicios paralegales, entre otros. *PR Fast Ferries et al. v. AAPP*, 2023 TPSR 121, 213 DPR ___ (2023). Algunos gastos reconocidos como costas son; sellos de radicación de la demanda, gastos de emplazamiento, sellos cancelados para efectuar un embargo, transcripción de evidencia para presentar en apelación[1], fianza de embargo o de no residente, transportación de testigos, alojamiento y comida de testigos, tomas de deposiciones, gastos de copias fotostáticas[2], gastos para obtener mapas y fotografías para presentar en evidencia. R. Hernández Colón, *Práctica Jurídica de Puerto Rico*, Derecho Procesal Civil, PR, Michie, 1997, pág. 284.

En cuanto a su concesión, la Regla 44.1 de Procedimiento Civil dispone:

> (a) Su concesión. Las costas se concederán a la parte a cuyo favor se resuelva el pleito **o se dicte sentencia en apelación o revisión**, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte o litigante debe reembolsar a otro. (Énfasis nuestro).
> …
> 32 LPRA Ap. V., R. 44.1 (a).

---

[1] Sujeto a que sea necesaria para la tramitación del recurso, no meramente conveniente.

[2] Los gastos de fotocopias del escrito de apelación y sus respectivos legajos, siempre y cuando se incurran en el cumplimiento de los requisitos de presentación que impone el Tribunal de Apelaciones. *Sánchez v. Sylvania Lighting*, 167 DPR 247, 254 (2006). No obstante, si el gasto de fotocopias surge como resultado del trámite ordinario de oficina, no es recobrable como costas. *PR Fast Ferries, LLC v. AAPP*, supra.

De manera que una vez son reclamadas conforme dispone la Regla 44.1, *supra,* la imposición a favor de la parte victoriosa es mandatoria. *Rosario Domínguez et als. v. ELA*, 198 DPR 197, 212 (2017). No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos conforme los criterios antes mencionados. El tribunal tiene amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. *Íd.*

Precisa resaltar que el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, en su parte VIII, sobre las reglas aplicables a todos los recursos incluye la Regla 85. Esta dispone en su inciso (a) lo siguiente:

> (A) Las costas se concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley. …

Es decir, el Reglamento de este Tribunal no distingue el tipo de recurso si certiorari, apelación, mandamus, revisión administrativa u otro, para la concesión de costas. Tampoco lo hace la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 que nos faculta a imponer las mismas. 4 LPRA sec. 25.

Además, y no menos importante, la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone en lo pertinente que: [e]l término "sentencia", cuando es dictada por un tribunal de apelación, se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado.

Detallado lo anterior, concurro con la decisión de la mayoría, no es el momento adecuado para la revisión del asunto. La Regla 52.1 de Procedimiento Civil, *supra,* dispone taxativamente los asuntos que podrán provocar nuestra revisión de una determinación interlocutoria. No se favorece la revisión de asuntos interlocutorios

por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016). Ciertamente no considero que la revisión de la negativa del foro recurrido a conceder las costas a favor de la parte victoriosa, en un recurso de certiorari, está contemplado expresamente en la Regla 52.1 de Procedimiento Civil, *supra*. Tampoco lo considero un asunto que reviste interés público o una situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. La parte afectada con la denegatoria del auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

En San Juan, Puerto Rico, a 14 de febrero de 2024.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones