ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>ELIZABETH GÓMEZ ACEVEDO Y OTROS<br><br>Recurridos<br><br>COLEGIO MI CUIDO Y EDUCACIÓN, INC.<br><br>Interventor-Peticionario | KLCE202401039 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.: CG2023CV02091<br><br>Sobre: Memorando de Costas y Honorarios |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Comparece la parte interventora y peticionaria, Colegio Mi Cuido y Educación, Inc. (Colegio), a través de un recurso discrecional de *certiorari*. Recurre de la *Orden* emitida el 31 de julio de 2024, notificada el 1 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de Humacao (TPI). Mediante el referido dictamen, el TPI declaró no ha lugar la impugnación del compareciente a la *Moción reiterando Memorando de Costas y Honorarios* presentada por la parte demandada y recurrida, compuesta por la Sra. Elizabeth Gómez Acevedo, el Sr. Raúl Ortiz Dávila, la Sociedad Legal de Bienes Gananciales por ambos conformada y JK Business Group. En consecuencia, el TPI ordenó al Colegio a pagar $6,489.30 por concepto de costas y honorarios de abogado por temeridad, en la etapa apelativa.

Anticipamos la expedición del auto de *certiorari* solicitado y la modificación del dictamen impugnado.

Número Identificador

SEN2024_____

**I.**

Los hechos procesales originales[1] se iniciaron el 26 de junio de 2023, ocasión en que la Junta de Planificación de Puerto Rico (Junta de Planificación) presentó una *Demanda de injunction estatutario preliminar y permanente* contra los demandados y recurridos.[2] Durante el trámite del litigio, el Colegio solicitó intervención, sin objeción de la Junta de Planificación.[3]

El 22 de septiembre de 2023, la Junta de Planificación y los demandados presentaron un escrito intitulado *Estipulaciones de acuerdo transaccional y solicitud de sentencia*. Así, pues, el 10 de octubre de 2023, notificada el día 12 siguiente, el TPI emitió una *Sentencia* en la que impartió su aprobación al acuerdo transaccional entre las partes litigantes, "sin imposición de costas, gastos ni honorarios de abogados". El TPI también consignó que el dictamen sería "final, firme e inapelable".[4] No obstante lo anterior, surge del expediente que el Colegio peticionó la nulidad de la *Sentencia*, al alegar falta de parte indispensable. Los demandados se opusieron; y el TPI denegó la solicitud del interventor.[5]

Así las cosas, el 15 de diciembre de 2023, el Colegio instó una *Apelación* ante esta curia, bajo el mismo fundamento de falta de parte indispensable, en alusión a la señora Gómez Acevedo, quien dijo que no se había sometido al foro de primera instancia.[6] Además, impugnó el acuerdo transaccional que adoptaron los litigantes; e imputó una conducta antiética y reprochable al Lcdo. Juan Manuel Adorno Peña, quien representó a la parte demandada. En respuesta, los demandados presentaron un escrito de oposición al recurso apelativo en el que afirmaron la sumisión voluntaria de la señora

---

[1] Acogemos los hechos consignados en la *Sentencia* de este Tribunal de Apelaciones en el caso KLAN202301128 de 29 de febrero de 2024.
[2] Apéndice de la parte recurrida, págs. 1-6.
[3] Apéndice de la parte recurrida, págs. 7-11.
[4] Apéndice de la parte recurrida, pág. 12.
[5] Véase, Apéndice del recurso, págs. 28-29; además, págs. 38-39.
[6] Apéndice de la parte recurrida, págs. 13-38.

Gómez Acevedo y la oposición a los otros argumentos. Por igual, presentaron la subsiguiente oposición a la solicitud de reconsideración del Colegio que fue declarada no ha lugar.[7] En cuanto a la confirmatoria *Sentencia* del Tribunal de Apelaciones,[8] este Panel acotó que el dictamen del TPI había culminado "las gestiones requeridas para atender los reclamos presentad[o]s ante la Junta por la parte interventora".[9] Esta curia no realizó una determinación de temeridad contra el Colegio.

Aún insatisfecho, el Colegio recurrió ante el Tribunal Supremo. Nuevamente, los demandados se opusieron al recurso de *certiorari* y a la reconsideración incoada por el interventor.[10] El alto foro declaró no ha lugar ambas peticiones, sin más expresiones.[11]

Notificados los mandatos del Tribunal de Apelaciones y del Tribunal Supremo el 11 de julio de 2024,[12] la parte demandada instó *Moción reiterando memorando de costas y honorarios* el 15 de julio de 2024.[13] Alegó que el Colegio incurrió en temeridad al establecer unos argumentos frívolos ante los foros revisores, aun cuando el expediente judicial estaba claro. Añadió que el Colegio de manera deliberada falseó los hechos e injuriosamente atacó a la representación legal de los demandados. Desglosó las costas y honorarios de la siguiente forma:[14]

| TRIBUNAL DE APELACIONES | |
|---|---|
| **TAREA O GASTO** | **SUMA** |
| Arancel de comparecencia | $102.00 |
| Alegato del compareciente contiene 165 folios y requirió original y siete (7) copias para un total folios reproducidos de 1,155 hojas de | $231.00 |

---

[7] Apéndice del recurso, págs. 100-120.
[8] Apéndice del recurso, págs. 30-44. Véase, además, el Apéndice del recurso, págs. 84-85.
[9] Apéndice del recurso, pág. 44.
[10] Apéndice del recurso, págs. 121-126; 127-129.
[11] Apéndice de la parte recurrida, pág. 53; Apéndice del recurso, págs. 86-87.
[12] Entradas 50 y 51 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). La parte demandada y recurrida había instado *Memorando*
[13] Apéndice del recurso, págs. 51-54. De manera prematura, la parte demandada y recurrida había instado un idéntico memorando a los mismos fines. Véase, Apéndice del recurso, págs. 2; 47-50; 55-57; 58-59; 60; 61-71.
[14] Se suprimieron ciertos ennegrecidos y subrayados.

| | |
|---|---|
| fotocopia a $0.20 c/u | |
| Se dedicaron unas 30 horas de labor profesional entre en el estudio y lectura del recurso; del análisis y estudio del derecho y la redacción del alega[t]o y la compilación de toda la prueba para preparación de legajo a razón de $125.00 hora | $3,750.00 |
| Comparecer a San Juan para la [S]ecretar[í]a del Tribunal Apelaciones para la radicación del documento aludido conllevó 2.5 horas de labor o profesional | $312.50 |
| Ante una Reconsideración del Colegio, se tuvo que presentar Oposición a Moción de Reconsideración, para lo cual se dedicaron unas 4.5 horas de labor profesional entre en el estudio y lectura de reconsideración, análisis y estudio del derecho y la redacción del alega[t]o y la compilación de toda la prueba a razón de $125.00 hora | $562.00 |
| El documento de oposición del compareciente contiene 6 folios y requirió original y siete (7) copias; el total folios reproducidos hacen 42 hojas de fotocopia a $0.20 c/u | $8.40 |
| Comparecer a San Juan para la radicación a la Secretar[í]a del Tribunal Apelaciones conllevó 2.5 horas de labor profesional | $312.50 |
| **Total gastos ante el Tribunal de Apelaciones** | **$5,278.40** |

| TRIBUNAL SUPREMO | |
|---|---|
| **TAREA O GASTO** | **SUMA** |
| Arancel de comparecencia | $0.00 |
| Alegato contra el Recurso de *Certiorari* presentado por el compareciente contiene 9 folios y requirió original y trece (13) copias total folios reproducidos hacen 117 hojas de fotocopia a $0.20 c/u | $23.40 |
| Se dedicaron unas 7 horas de labor profesional entre en el estudio y lectura del recurso, análisis y estudio del derecho y la redacción del alega[t]o /o desestimación, así como la compilación de toda la prueba documental a razón de $125.00 hora | $875.00 |
| Comparecer a San Juan para la radicación al Tribunal [Supremo] conllevó 2.5 horas | $312.50 |
| **Total gastos ante el Tribunal Supremo** | **$1,210.90** |

El Colegio se opuso el 22 de julio de 2024 a través de la *Moción impugnando segundo memorando de costas y honorarios de abogados y desestimación parcial por falta de jurisdicción.*[15] En

---

[15] Apéndice del recurso, págs. 72-83.

síntesis, arguyó que el TPI carecía de jurisdicción sobre la materia para decretar temeridad a nivel apelativo. Indicó que los pronunciamientos en primera instancia y en revisión —finales, firmes e inapelables— no realizaron determinaciones sobre temeridad, por lo que la solicitud de los demandados debía ser denegada de plano, ya que operaba la doctrina de cosa juzgada. Únicamente reconoció el pago de $102.00 por el concepto de arancel.

Ponderadas las posturas, el 1 de agosto el TPI notificó la *Orden* recurrida, mediante la cual declaró no ha lugar la impugnación del Colegio y concedió las costas y honorarios de abogado por temeridad tal cual fueron solicitados.[16] El Colegio interpuso una oportuna solicitud de reconsideración.[17] Sin embargo, el 12 de septiembre de 2024, el TPI notificó su negativa a variar su decisión.[18]

Insatisfecho, el 25 de septiembre de 2024, el Colegio acudió ante nos mediante el recuso de *certiorari* del título y señaló los siguientes errores:

> **Primer Error:** El TPI cometió error al imponer honorarios de abogados como parte de un memorando de costas, contrario a la Regla 44.1 (c) y la doctrina establecida por el Tribunal Supremo.
>
> **Segundo Error:** El TPI cometió error al imponer honorarios de abogados por temeridad al autorizar el memorando de costas cuando de ninguna de las resoluciones o sentencias emitidas por los foros judiciales determinaron temeridad alguna o impusieron el pago de honorarios de abogados.
>
> **Tercer Error:** El TPI cometió error al imponer honorarios de abogados por temeridad enmendando las resoluciones y sentencias emitidas en apelación ante la falta de jurisdicción por estas advenir finales, firmes e inapelables; y en ninguna de estas determinar o adjudicar temeridad e imponer el pago de honorarios como parte de estas.
>
> **Cuarto Error:** EL TPI cometió error al imponer el pago de honorario de abogados por temeridad de manera ultra vires al enmendar resoluciones de los foros

---

[16] Apéndice del recurso, pág. 1.
[17] Apéndice del recurso, págs. 3-17.
[18] Apéndice del recurso, pág. 27. Véase, además, Apéndice del recurso, págs. 18; 19-25.

apelativos en violación del ordenamiento judicial jerárquico dispuesto por la Ley de la Judicatura y la Constitución de Puerto Rico.

**Quinto Error:** El TPI cometió error al imponer el pago de honorarios de abogados por temeridad de manera ultra vires al enmendar resoluciones de los foros apelativos en contravención a la doctrina de cosa juzgada.

**Sexto Error:** Erro el TPI al fijar los honorarios bajo el único criterio de los honorarios de abogados desglosados y facturados en el memorando desacatando las directrices impartidas por el Tribunal Supremo y los elementos a considerar al momento de fijar cuantía.

**Séptimo Error:** Erro el TPI al imponer el total de las costas según el memorando sin pasar juicio sobre cuales eran realmente necesaria en violación de la norma establecida jurisprudencialmente.

## II.

En este caso, luego de ser notificada dentro del término de la presentación del presente recurso, la parte demandada y recurrida postuló *Solicitud de desestimación por falta de perfeccionamiento del recu*[r]*so y/o alega*[t]*o* el 16 de octubre de 2024. Cuestionó nuestra jurisdicción toda vez que el Colegio no notificó al foro impugnado la cubierta del auto de *certiorari* dentro del término reglamentario. El peticionario reconoció la inadvertencia y explicó que, el 26 de septiembre de 2024, por error, presentó a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC) una *Moción Informativa* de otro caso, pero junto a la cubierta del recurso apelativo de autos. La presentación se hizo en el expediente electrónico del caso HU2022CV00094[19] sobre acción reivindicatoria (entrada 267), en lugar del caso del título. En dicho litigio, son partes el peticionario y los demandados. Según surge del expediente electrónico, el TPI notificó una *Orden* el 27 de septiembre de 2024, en la que se dio por enterado (entrada 268).

---

[19] *Colegio Mi Cuido y Educación, Inc. v. Raúl Antonio Ortiz Dávila, Elizabeth Gómez Acevedo, la Sociedad legal de Bienes Gananciales y Desidera TA Realty, LLC*.

En cuanto al caso del epígrafe, el 27 de septiembre de 2024, nuestra Secretaría envió al TPI la *Carta informando presentación de recurso en el Tribunal de Apelaciones* (entrada 64). Finalmente, el peticionario notificó la cubierta del recurso de *certiorari* el 24 de octubre de 2024 (entrada 65). El TPI tomó conocimiento en la misma fecha, según la *Orden* notificada el día 25 siguiente (entrada 66).

En su defensa, el peticionario abogó por nuestro sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. Ahora, planteó que el "término jurisdiccional" del recurso discrecional de *certiorari* no había vencido, al entender que contaba con un plazo de sesenta (60) días, toda vez que la Junta de Planificación, un ente gubernamental, era parte del pleito. Los demandados presentaron un escrito en contra de esta postura el 1 de noviembre de 2024.

Como cuestión de umbral, atendemos el planteamiento del perfeccionamiento del recurso.

Primero, aclaramos la confusión del peticionario. El término de cumplimiento estricto para acudir ante este foro intermedio con un recurso discrecional de *certiorari*, independientemente de que el Estado sea parte, es de treinta (30) días. El plazo de sesenta (60) días al que hace referencia el interventor aplica a la apelación ante nos o al auto de *certiorari* ante el Tribunal Supremo. Ello surge palmariamente del ordenamiento procesal estatuido a continuación:

> Regla 52.2. Términos y efectos de la presentación de una apelación, un recurso de certiorari y un recurso de certificación
>
> .    .    .    .    .    .    .
>
> (b) *Recurso de "certiorar".*
>
> .    .    .    .    .    .    .
>
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia […] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

.      .      .      .      .      .      .      .

(c) *Recursos de apelación o certiorari cuando el Estado Libre Asociado es parte.* En aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de *certiorari* para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida. 32 LPRA Ap. V, R. 52.2 (b)(c).

.      .      .      .      .      .      .      .

Segundo, en cuanto al perfeccionamiento del recurso de *certiorari*, la Regla 33 (B) del Reglamento del Tribunal de Apelaciones dispone como sigue:

Regla 33 - Presentación y notificación

(A) Manera de Presentarlo

El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones, y sus tres (3) copias, podrá presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.

Cuando el recurso de *certiorari*, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página del recurso debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. [...]. 4 LPRA Ap. XXII-B, R. 33 (B).

.      .      .      .      .      .      .      .

Conforme con lo esbozado, cuando el recurso de *certiorari* se presenta en nuestra Secretaría, la parte promovente cuenta con un término de cumplimiento estricto de setenta y dos (72) horas, siguientes a la presentación, para notificar copia de la cubierta del recurso debidamente sellada, ante la Secretaría del foro recurrido. En torno al plazo de estricto cumplimiento, como se conoce, los tribunales pueden eximir a una parte de su observancia, siempre

que medie la existencia de justa causa para la dilación. *Rosario Domínguez et als. v. Estado Libre Asociado de Puerto Rico et al.*, 198 DPR 197, 210 (2017); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). El estado de derecho establece que la acreditación de la justa causa debe quedar establecida mediante alegaciones concretas. *Rosario Domínguez et als. v. Estado Libre Asociado de Puerto Rico et al.*, *supra*. De lo contrario, los tribunales carecemos de discreción para prorrogar un término de cumplimiento estricto y, en consecuencia, el recurso de que trate no se estimará como perfeccionado. *Soto Pino v. Uno Radio Group*, *supra*, pág. 93.

Al examinar la controversia planteada acerca del perfeccionamiento del recurso de *certiorari*, somos del criterio que, de conformidad con las circunstancias especiales que rodean el presente caso, éste puede darse por perfeccionado. Ello así, porque no se trata de la falta de notificación, sino de un error excusable en su trámite. En particular, consideramos el estado activo del caso HU2022CV00094 en el cual se notificó erróneamente la interposición del recurso, unido a la coincidencia de las partes interventora y demandada del presente pleito, quienes figuran como parte demandante y demandada, respectivamente, en el aludido litigio. Nótese, además, que el error fue reconocido por el peticionario y, tan pronto se percató, lo corrigió.

Sobre todo, es notoria la naturaleza unificada de nuestro sistema judicial, de entronque constitucional y cuya ejecución se debe facilitar con el SUMAC. Esta herramienta unificada de tecnología permite la presentación electrónica de documentos judiciales con el propósito de agilizar su manejo y administración. Aquí, nótese que la cubierta del recurso anejada incluyó el número del caso CG2023CV02091, por lo que podía redirigirse el escrito entre ambos tribunales, como si se hubiese presentado de manera física. Además, en última instancia, el TPI estaba enterado del

proceso ante nos desde el 27 de septiembre de 2024 mediante la misiva de nuestra Secretaría. Si bien la gestión administrativa de unir al expediente electrónico la *Carta informando presentación de recurso en el Tribunal de Apelaciones* no sustituye de ninguna manera la obligación del promovente de notificar al foro impugnado en el plazo de setenta y dos (72) horas, lo cierto es que dicha notificación no sólo cumple con la Regla 67.6 de Procedimiento Civil,[20] sino que propende a la disminución de las barreras de nuestro sistema judicial y a la economía procesal. En fin, opinamos que la suma de estos elementos únicos y particulares del presente caso nos impide evadir nuestra función revisora.

Pasemos, entonces, a establecer el marco jurídico atinente a los errores señalados.

### III.

#### A. El auto de *certiorari*

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *García v. Padró*, 165 DPR 324, 334 (2005). El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, *supra*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró*, *supra*, págs. 334-335.

---

[20] La norma, en lo pertinente, establece que "se notificarán por medios electrónicos las órdenes, resoluciones, providencias interlocutorias y sentencias que emita el tribunal, al igual que cualquier otro documento que el Secretario o la Secretaria deba notificar durante un procedimiento civil". 32 LPRA Ap. V, R. 67.6.

En cuanto a este foro revisor, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari* postsentencia como el de autos, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) **Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) **Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio**.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).
> 4 LPRA Ap. XXII-B, R. 40.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

### B. Las costas

En nuestro ordenamiento jurídico, la Regla 44.1 de Procedimiento Civil gobierna la concesión de costas. Así dispone, en parte, la norma procesal:

(a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* [...] Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.* [...]

(c) *En etapa apelativa.* **La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior,** una relación o memorándum de todas las partidas de **gastos y desembolsos necesarios** en que se haya incurrido para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o de la abogada, y su impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1(b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse

mediante *certiorari* ante el Tribunal Supremo. [...] 32 LPRA Ap. V, R. 44.1 (a)(b)(c).

El Tribunal Supremo ha expresado que esta regla tiene dos propósitos, a saber: "**restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar y servir como disuasivo para la litigación inmeritoria, temeraria, o viciosa que se lleva a cabo con el propósito de retrasar la justicia**". (Énfasis nuestro). *Class Fernández v. Metro Health Care Management System, Inc.*, 2024 TSPR 63, a la pág. 12 (citas omitidas), 213 DPR __ (2024). En general, la norma procesal permite el reembolso de los gastos necesarios incurridos por la parte prevaleciente del litigio, por lo que su función es de naturaleza reparadora. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 934 (2012). De esta forma, el derecho de la parte que prevalece no queda "menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario". *Id.*, pág. 934. Una vez se reclaman las costas, su imposición a favor de la parte victoriosa es mandatoria. *Id.*, pág. 934. No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el término improrrogable de diez días, en el que se precisen los gastos incurridos necesarios y razonables. *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 187 (2008). Además, el tribunal tiene discreción amplia para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 935.

### C. Los honorarios de abogado

En nuestro ordenamiento jurídico, la Regla 44.1 (d) de Procedimiento Civil gobierna la concesión de honorarios de abogado. Así dispone, en parte, la norma procesal:

(d) *Honorarios de abogado*. En caso que **cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad**, el tribunal deberá imponerle en su sentencia al responsable **el pago de**

**una suma por concepto de honorarios de abogado** que el tribunal entienda correspondan a tal conducta. [...]. (Énfasis nuestro). 32 LPRA Ap. V, R. 44.1 (d).

El pago de honorarios de abogado corresponde a favor de la parte que prevalece y no a su abogado. R. Hernández Colón, *Práctica jurídica de Puerto Rico, Derecho procesal civil,* 6ta ed. revisada, LexisNexis de Puerto Rico, 2017, sec. 4401, pág. 436. La penalidad "[s]e impone por haber ocupado innecesariamente el tiempo de la administración de justicia". *Id.*, sec. 4402, pág. 436. La imposición de honorarios de abogado procede en derecho cuando una parte ha actuado con temeridad o frivolidad. *Torres Vélez v. Soto Hernández,* 189 DPR 972, 993 (2013).

A pesar de que la aludida norma procesal no describe en qué consiste una conducta temeraria, es norma asentada que se incurre en temeridad cuando se promueve un pleito frívolo, o se provoca un litigio que se pudo evitar, o se prolonga indebidamente, obligando a la otra parte a incurrir en gastos innecesarios. *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010); *Colón Santos v. Coop. Seg. Mult. P.R.,* supra, pág. 188; *P.R. Oil v. Dayco,* 164 DPR 486, 511 (2005); *Domínguez v. GA Life,* 157 DPR 690, 706 (2002). "**[L]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia**". (Énfasis nuestro). *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001). A esos efectos, la sanción pecuniaria que se impone por conducta temeraria tiene el propósito de "disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte". *Marrero Rosado v. Marrero Rosado, supra*, pág. 505. El fin de la imposición de honorarios de abogado es penalizar a la parte que por su "terquedad, obstinación, contumacia e **insistencia en una actitud desprovista de fundamentos, obliga a la otra**

**parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito**". (Énfasis nuestro). *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342 (2011).

La adjudicación de si una parte obró o no temerariamente descansa en la sana discreción del juzgador. *P.R. Oil v. Dayco, supra*, pág. 511. En nuestro ordenamiento procesal civil, cuando el tribunal condena a una parte a pagar honorarios de abogado, lo que puede hacer en todo tipo de acción, tal imposición constituye una determinación implícita de temeridad. *SLG González-Figueroa v. SLG et al.*, 209 DPR 138, 148 (2022).

Establecida la existencia de temeridad, el tribunal deberá tomar en cuenta una serie de factores para poder calcular la cantidad que concederá, a saber: (1) grado de temeridad; (2) trabajo realizado; (3) duración y naturaleza del litigio; (4) cuantía involucrada, y (5) nivel profesional de los abogados. *C.O.P.R. v. S.P.U., supra*, págs. 342-343. Finalmente, en cuanto a nuestro rol apelativo, se sabe que **la determinación sobre temeridad no será revisada, a menos que se demuestre abuso de discreción**. *Jarra Corp. v. Axxis Corp. supra*, pág. 779.

**IV.**

En síntesis, en este caso, la parte peticionaria establece que el TPI incidió al conceder *ultra vires* y sin ostentar jurisdicción los honorarios de abogado solicitados por la parte recurrida como parte del memorando de costas, según desglosados y facturados. Sostiene que los honorarios no proceden porque los foros revisores no le adjudicaron una conducta temeraria al Colegio ni le impusieron la penalidad en sus determinaciones. Indica que los pronunciamientos son finales, firmes e inapelables, por lo que el TPI no podía enmendarlos siendo éstos cosa juzgada. Afirma que el TPI usurpó las prerrogativas de los foros apelativos, en contravención al ordenamiento judicial jerárquico. Arguye, por último, que el TPI sólo

estaba autorizado a conceder las costas en apelación, siempre que se justificaran. En cuanto a éstas, alega que el TPI las impuso sin pasar juicio sobre cuáles eran realmente necesarias.

Por su parte, los recurridos rechazan los planteamientos del peticionario. Aducen que el Colegio, quien nunca fue parte del caso, atacó la estipulación allegada por la parte recurrida, falseó hechos y lanzó un virulento ataque contra el licenciado Adorno Peña, por lo que el TPI otorgó las costas y honorarios, ante la frivolidad y temeridad del peticionario en la etapa postsentencia. Afirma que el ordenamiento procesal confiere al TPI discreción para imponer la sanción por temeridad.

Por su relación intrínseca, discutimos en conjunto los primeros seis señalamientos de error.

En la causa presente, luego de emitir una *Sentencia* por estipulación, el Colegio interventor impugnó primero el dictamen ante el TPI, luego ante este foro intermedio y, finalmente, ante el Tribunal Supremo. Fundamentó su contención apelativa, entre otras cosas, en la falta de parte indispensable. Sin embargo, se desprendía diáfanamente del expediente que la señora Gómez Acevedo había sido debidamente emplazada allá para el 5 de septiembre de 2023; e incluso, ésta aclaró que se había allanado a los acuerdos transigidos.[21] Aun cuando el TPI rechazó los argumentos del Colegio y falló a favor de los recurridos, lo cierto es que no hizo expresiones sobre si dicho proceder constituyó una conducta frívola o temeraria. Mucho menos concedió honorarios de abogado.

En el trámite apelativo, los recurridos enfrentaron las contenciones planteadas mediante múltiples comparecencias en ambas jerarquías judiciales. Ciertamente, la presentación de los

---

[21] Refiérase a las entradas 17, 32 y 33 del SUMAC.

recursos en el tribunal intermedio (apelación) y el alto foro (*certiorari*) prolongó un litigio que las partes del pleito, la Junta de Planificación y el matrimonio Ortiz Gómez, habían transigido. Sin embargo, ni el Tribunal de Apelaciones ni el Tribunal Supremo hicieron expresiones ni condenas por la alegada conducta temeraria del Colegio.

Luego de prevalecer, oportunamente los recurridos solicitaron las costas y honorarios de abogado por concepto de temeridad. El memorando desglosa varias partidas concernientes a costas y a la labor profesional. El TPI advino en conocimiento del proceso apelativo y concedió las costas y honorarios solicitados, lo que constituyó, implícitamente, en una determinación de temeridad por parte del Colegio. Ahora, esa determinación implícita de temeridad por parte del TPI fue acerca de una conducta ejercida ante este foro intermedio y ante nuestro Tribunal Supremo, no ante el foro primario. Como señalamos, es un hecho irrefutable que ni la *Sentencia* del caso KLAN202301128 ni la *Resolución* del Tribunal Supremo comprenden una condena por temeridad contra el Colegio. Por consiguiente, coincidimos con el peticionario en que el TPI estaba impedido de imponer honorarios de abogado por una conducta observada en procesos judiciales ajenos a su jurisdicción, sobre procesos cuyos dictámenes nada pronunciaron al respecto.

Con relación al séptimo error, es sabido que el Tribunal Supremo ha sido consistente al expresar que no todos los gastos del litigio son recobrables como costas. *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, a la pág. 13, 213 DPR __ (2023); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992); *Andino Nieves v. A.A.A.*, 123 DPR 712, 716 (1989); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 253 (1963). "Sólo son recobrables aquellos gastos necesarios y razonables para la tramitación del pleito, procedimiento o apelación que un litigante debe reembolsar a otro". *Id.*; . *ELA v. El*

*Ojo de Agua Development*, 205 DPR 502, 527 (2020); *Rodríguez Cancel v. A.E.E.*, 116 DPR 443, 461 (1985); *Garriga, Jr. v. Tribunal Superior, supra*, pág. 249. En lo atinente, el alto foro ha reconocido como costas los gastos de fotocopias del escrito de apelación y sus respectivos legajos, acorde con los requisitos de presentación de los foros apelativos. *PR Fast Ferries et al. v. AAPP, supra*, a la pág. 14; *Sánchez v. Sylvania Lighting*, 167 DPR 247, 254 (2006).

Luego de un puntilloso examen de los escritos judiciales de los comparecientes, el expediente del caso y el derecho aplicable, concluimos que procede la expedición del auto discrecional, toda vez que el TPI incidió al conceder honorarios de abogado por trámites apelativos, en ausencia de una determinación de temeridad a esos efectos por parte de dichos foros. En consecuencia, el dictamen impugnado debe ser modificado, a los únicos efectos de conceder las costas del pleito a favor de los recurridos, ascendentes a $364.80.[22]

## V.

Por los fundamentos expuestos, acordamos expedir el recurso de *certiorari* solicitado y modificar la *Orden* recurrida, a los únicos efectos de suprimir los honorarios de abogados y conceder las costas por $364.80.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] Arancel de comparecencia: **$102.00**; Alegato contra la Apelación de 165 folios (original y 7 copias para un total de 1,155 hojas de fotocopia a $0.20 c/u): **$231.00**; Oposición de 6 folios (original y 7 copias para un total de 42 hojas de fotocopia a $0.20 c/u): **$8.40**; Alegato contra el Recurso de *Certiorari* de 9 folios (original y 13 copias para un total de 117 hojas de fotocopia a $0.20 c/u): **$23.40**.