Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **VALERY H. MASA DE LEÓN**<br><br>Parte recurrida<br><br>v.<br><br>**SISTEMA UNIVERSITARIO ANA G. MÉNDEZ, INC., IRIS BERRÍOS VELÁZQUEZ**<br><br>Parte peticionaria | **TA2025CE00168** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>**CG2025CV01656 (803)**<br><br>Sobre:<br>Despido Injustificado Ley 80, Acoso Laboral Ley 90, Represalia Ley 115 y Daños y Perjuicios |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos, Iris Berríos Velázquez, en adelante, Berríos Velázquez o peticionaria, solicitando que revisemos la *"Resolución sobre Solicitud de Desestimación"* del Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas, notificada el 9 de julio de 2025. Mediante el referido dictamen, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de desestimación presentada por la peticionaria, y decretó la continuación de los procedimientos.

Por los fundamentos que expondremos a continuación, *expedimos* el recurso solicitado y lo *modificamos.*

**I.**

El 19 de mayo de 2025, Valery H. Masa De León, en adelante, Masa De León o recurrida, presentó *"Querella"* sobre Despido Injustificado, Acoso Laboral, Represalia y Daños y Perjuicios en contra del Sistema Universitario Ana G. Mendez, Inc,

en adelante SUAGM o codemandada, y Berríos Velázquez.[1] Posteriormente, el 25 de junio de 2025, la peticionaria presentó una *"Solicitud de Desestimación y/o Contestación a Querella"*.[2]

Así las cosas, el 26 de junio de 2025, SUAGM presentó *"Contestación a Querella"*[3]. En la misma fecha, la codemandada también presentó *"Solicitud de Conversión a Procedimiento Civil Ordinario"*.[4] En consecución, el Foro Recurrido emitió el 2 de julio de 2025 una *"Resolución de Conversión de Procedimiento"*.[5] Mediante la misma, declaró *"Ha Lugar"* la moción presentada por SUAGM. Adicionalmente, ese mismo día, el TPI-Caguas emitió una *"Orden sobre Solicitud de Desestimación y/o Contestación a Querella"*.[6] Mediante esta, le concedió a la recurrida un término de veinte (20) días para formular una posición a la moción de Berríos Velázquez, apercibiendo a todas las partes que no admitiría réplicas ni dúplicas. En virtud de esto, la recurrida presentó el 8 de julio de 2025 su *"Oposición a Moción en Solicitud de Desestimación"*.[7]

El 9 de julio de 2025, el TPI-Caguas notificó su *"Resolución sobre Solicitud de Desestimación"*.[8] Mediante la misma, declaró *"No Ha Lugar"* la moción de desestimación presentada por la peticionaria.

Inconforme con este resultado, Berríos Velázquez recurre ante esta Curia mediante un recurso de *certiorari,* fechado el 18 de julio de 2025, haciendo los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia en la interpretación de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, al no desestimar la causa de acción sobre despido injustificado y pago de

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 10.
[3] SUMAC, Entrada Núm. 11.
[4] SUMAC, Entrada Núm. 12.
[5] SUMAC, Entrada Núm. 14.
[6] SUMAC, Entrada Núm. 16.
[7] SUMAC, Entrada Núm. 18.
[8] SUMAC, Entrada Núm. 19.

mesada presentada contra la co-demandada Iris Berríos Velázquez.

**SEGUNDO SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al asumir jurisdicción sobre la materia en la causa de acción sobre acoso laboral, particularmente cuando la parte recurrida incumplió con el procedimiento dispuesto bajo el artículo 10 de la Ley Núm. 90-2020.

**TERCER SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia en la interpretación de la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, al no desestimar la causa de acción sobre daños y perjuicios por represalias presentada contra la co-demandada Iris Berríos Velázquez.

A tenor con lo anterior, este Foro emitió una "*Resolución*" el 6 de agosto de 2025, donde ordenó a la recurrida a presentar un escrito en oposición a la expedición del auto. No obstante, dicha parte no presentó su postura. El 12 de agosto de 2025, la peticionaria presentó ante nos "*Moción para Expedición de Certiorari sin Oposición de la Parte Recurrida*". Así las cosas, emitimos una "*Resolución*" el 13 de agosto de 2025, donde dimos por perfeccionado el recurso, luego de vencido el término concedido a la parte recurrida, por lo que precedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la

Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres González v. Zaragoza Meléndez,* supra, pág. 848; *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 404 (2021); *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR

83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra, pág. 849. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, supra, 215 DPR ___ (2025); *BPPR v. Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada

del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón*, 192 DPR 567, 589 (2015); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Desestimación

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR __ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, 214 DPR __ (2024); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio** y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR __ (2024); *Rivera, Lozada v. Universal,* 2024 TSPR 99, 214 DPR __

(2024); *Blassino, Reyes v. Reyes Blassino,* 2024 TSPR 93, 214 DPR __ (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.,* supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra; *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino,* supra; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios*, 2024 TSPR 61, 213 DPR__ (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra*; Cobra Acquisition v. Mun. Yabucoa et. al.,* supra, pág. 398*; López García v. López García*, supra, pág. 70. Esta Regla 10.2 (5), es de las de mayor complejidad en términos jurídicos, pues, una moción al amparo de esta se fundamenta en que los hechos que alega la parte demandante, aun presumiéndose ciertos, no son suficientes como base para que se les conceda un remedio. Es decir, en

efecto, procederá la desestimación si aun dando por cierto todos los hechos bien alegados del demandante, no se demuestra derecho a una reclamación. *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino,* supra; *Trinidad Hernández et al. v. E.L.A. et al.,* 188 DPR 828, 848 (2013).

### C. Leyes Laborales

Precisa señalar que las leyes laborales persiguen dar acceso a la justicia a personas en una situación económica precaria, puesto que han sido cesanteados de su empleo, presuntamente, de forma injustificada. Así pues, nuestro más Alto Foro ha expresado que la legislación laboral es un instrumento de justicia social y debe interpretarse de la forma más favorable al obrero. *Acevedo y Otros v. Depto. Hacienda y Otros*, 212 DPR 335, 364, 375 (2023); *Whittenburg v. Col. Ntra. Sra. del Carmen*, 182 DPR 937, 951 (2011); *Sánchez v. Sylvania Lighting,* 167 DPR 247, 254 (2006).

### i. Ley sobre Despidos Injustificados

La *Ley sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, en adelante, Ley Núm. 80, 29 LPRA sec. 185a *et seq.*, fue aprobada para proveerle protección a los derechos de los trabajadores, mediante un estatuto reparador que, junto a la propulsión de remedios justicieros y consubstanciales con los daños causados por un despido injustificado, busca desalentar la incidencia del despido injustificado, arbitrario o caprichoso. *Méndez Ruiz v. Techno Plastics,* 2025 TSPR 68, 216 DPR ___ (2025); *Ruiz Mattei v. Commercial Equipment*, 2024 TSPR 68, 213 DPR ___ (2024); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 770 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019); *SLG Zapata–Rivera v. J.F. Montalvo,* 189 DPR 414, 424 (2013).

La Ley Núm. 80, supra*,* forma parte de la colección de legislación protectora del trabajo. Tiene precedentes en la Ley Núm. 48 de 28 de abril de 1930, la cual establecía que todo

empleado por tiempo indefinido, si era despedido sin justa causa, tenía derecho a una compensación equivalente a la medida o frecuencia en la que recibía la paga por su trabajo, fuera esta semanal o quincenal. Este cuerpo estatutario fue luego enmendado por la Ley Núm. 50 de 20 de abril de 1949. Finalmente, esta última ley fue sustituida por la Ley Núm. 80, la cual, a pesar de sus múltiples enmiendas, continúa hoy vigente.

Es por ello que, el Artículo 1 de la Ley Núm. 80, supra, sec. 185a, establece que un empleado que: (1) esté contratado sin tiempo determinado; (2) reciba una remuneración, y (3) sea despedido de su cargo sin que haya mediado justa causa, tiene derecho al pago de una indemnización por parte de su patrono, además, del sueldo devengado, conocido comúnmente como la mesada. Véase, además, *Méndez Ruiz v. Techno Plastics*, supra; *Ortiz Ortiz v. Medtronic*, supra, pág. 771.

Nuestro Tribunal Supremo ha sido enfático al señalar que, para reclamar estas protecciones al amparo de la Ley Núm. 80, es requisito la existencia de una relación empleado-patrono. *Romero et als. v. Cabrera Roig et als.*, 191 DPR 643, 657 (2014); *Whittenburg v. Col. Ntra. Sra. del Carmen*, supra, pág. 953. De lo contrario, estaríamos ante la ruptura de una relación que no configura un despido, quedando fuera del ámbito de dicha Ley. *Romero et als. v. Cabrera Roig et als.*, supra, pág. 658.

A estos fines, la propia Ley define al empleado como toda persona natural que trabaja para un patrono, que reciba compensación por sus servicios. Sin embargo, se excluye de esta definición a los contratistas independientes, así como aquellos empleados gubernamentales, cubiertos por un convenio colectivo vigente, o que laboran bajo un contrato de empleo temporero por término o proyecto. Ley Núm. 80, supra, sec. 185n(e). Por su parte, el patrono está definido como toda persona natural o jurídica que

emplee o permita trabajar a cualquier empleado mediante compensación, excluyendo a todo patrono gubernamental estatal y federal. Ley Núm. 80, supra, sec. 185n(g).

Es menester señalar que la jurisprudencia ha reconocido que la Ley Núm. 80, supra, no es un código de conducta que establece una lista de faltas definidas o invariables, sino que permite la consideración de las circunstancias, y las normas de los múltiples establecimientos de trabajo. *Méndez Ruiz v. Techno Plastics*, supra; *Ortiz Ortiz v. Medtronic*, supra, pág. 773; *González Santiago v. Baxter Healthcare*, supra, pág. 292; *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 930 (2015).

### ii. Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico de 2020

Por su parte, la *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico*, Ley Núm. 90 de 7 de agosto de 2020, en adelante Ley Núm. 90-2020, 29 LPRA sec. 3111, persigue "una vigorosa política pública contra todo tipo de acoso laboral que afecte el desempeño del trabajador, altere la paz industrial y atente contra la dignidad de los trabajadores, no importa cuál sea su categoría o clasificación de empleo". Esta Ley creó una causa de acción a favor de aquellos empleados que son víctimas de acoso laboral en su lugar de empleo, sin importar la naturaleza del empleo, su categoría, jerarquía o clasificación. Ley Núm. 90-2020, supra, sec. 3113.

Por lo tanto, este estatuto de carácter reparador atiende varias interacciones o relaciones obrero-patronales que resultan abusivas a la integridad y salud de la persona afectada. *Reyes Berríos v. ELA*, 213 DPR 1093, 1104-1105 (2024).

A su vez, el Artículo 5 del aludido estatuto establece que todo patrono que incurra, fomente o permita el acoso laboral, será civilmente responsable frente a las personas afectadas. Ley Núm.

90-2020, *supra*, sec. 3115. De igual forma, reconoce que las causas de acción que surjan bajo el palio de dicha Ley pueden ser combinadas con acciones que surjan bajo otros estatutos. Ley Núm. 90-2020, *supra*, sec. 3117.

Ahora bien, y en lo aquí pertinente, el empleado debe seguir un procedimiento previo a instar una reclamación judicial al amparo de esta ley. *Reyes Berríos v. ELA*, supra, pag, 1105. Así lo establece el Artículo 10 de la Ley Núm. 90-2020, al disponer que:

> [T]oda persona que reclame ser víctima de acoso laboral *deberá comunicarlo siguiendo el procedimiento y protocolo adoptado por su patrono*, el cual, según ya dispuesto, deberá ser amparado en las guías uniformes establecidas por el Departamento del Trabajo y Recursos Humanos, la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico, la Rama Legislativa y la Rama Judicial, según aplique.
>
> Si las gestiones realizadas conforme al procedimiento y protocolo adoptado por el patrono resultan infructuosas, *el empleado afectado acudirá al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial*. Si habiéndose orientado, las partes no aceptan la mediación o el mediador no recomienda la misma, entonces se podrá acudir ante la sala del tribunal competente presentando evidencia acreditativa de que se agotó dicho mecanismo alterno y radicar la acción civil que provee esta Ley.
>
> 29 LPRA sec. 3120. (Énfasis suplido).

### iii. Ley de Represalias

Finalmente, la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 de 20 de diciembre de 1991, en adelante Ley Núm. 115-1991, 29 LPRA sec. 194 *et seq.* es una herramienta estatutaria que provee protección a empleados que ofrecen testimonio, expresión o información de algún tipo, ya sea verbal o escrita, ante un foro legislativo, administrativo o judicial en Puerto Rico. *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369, 377-378 (2017); *Velázquez Ortiz v. Mun. de*

*Humacao*, 197 DPR 656, 668-669 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 136 (2013); *Rentas Santiago v. Autogermana, Inc.*, 182 DPR 759, 765 (2011).

La misma es una legislación de carácter reparador, anclada en la política pública del Estado, con respecto a la protección de los derechos de los trabajadores, por lo que su interpretación judicial debe ser liberal y amplia, de manera que se alcancen los objetivos que la originaron. De esta manera, se garantiza la mayor protección de los derechos laborales de los trabajadores. En este proceso interpretativo, toda duda en cuanto a su aplicación deberá resolverse a favor del empleado. *Romero et als. v. Cabrera Roig et als.*, supra, pág. 653; *Cordero Jiménez v. UPR*, supra, pág. 138.

La naturaleza de esta Ley provee para que el empleado afectado pueda recibir ciertas reparaciones. Cuando se prospere en una causa de acción al amparo de esta Ley, el empleado tendrá derechos a que se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. Además, establece que los daños sufridos y los salarios no devengados, estarán sujetos a una doble cuantía. Artículo 2 (b) de la Ley de Represalias, supra, sec. 194b.

Para efectos de esta Ley, es empleado "cualquier persona que preste servicios a cambio de salarios, o cualquier tipo de remuneración, mediante un contrato oral, escrito, explícito o implícito [...]." Ley Núm. 115, supra, sec. 194(a). Por su parte, el patrono se define ampliamente para incluir a todo tipo de patrono, ya sean públicos o privados, que sea una persona natural o jurídica de cualquier índole, "que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación y *sus* agentes *y supervisores*". Ley Núm. 115, supra, sec. 194(b). (Énfasis nuestro).

No obstante, cabe señalar que la inclusión de los agentes y supervisores en la definición de patrono, según establecida en la Ley Núm. 115, persigue un esquema legislativo que tiene la finalidad de responsabilizar vicariamente al patrono por las actuaciones de estos. *Santiago Nieves v. Braulio Agosto Motors*, supra, pág. 379. De esta manera, el patrono que se beneficia directamente de la actividad de sus empleados quedó explícitamente vedado de evadir su responsabilidad por violaciones a esta Ley bajo el pretexto de que los actos fueron cometidos por sus agentes y *supervisores. Santiago Nieves v. Braulio Agosto Motors*, supra.

Por lo tanto, podemos ver que la Ley Núm. 115 no tiene el fin de responsabilizar a los agentes ni supervisores de un patrono en su carácter personal por actos de represalias, pues estos no ostentan poder alguno sobre la condición laboral de su empleado, sino que el patrono real es quien tiene el poder de decidir tal situación en última instancia. *Caballer Rivera v. Adriel Toyota et al.*, 200 DPR 120, 130-131 (2018); *Santiago Nieves v. Braulio Agosto Motors*, supra, pág. 380. En otras palabras, "cuando el agente de un patrono despide, discrimina o amenaza a un compañero empleado con respecto a la compensación, los beneficios o privilegios de su plaza lo que ejerce es la autoridad del patrono". *Santiago Nieves v. Braulio Agosto Motors*, supra. Véase además,, *Caballer Rivera v. Adriel Toyota et al.*, supra, pág. 130. De esta manera, el empleado podrá presentar una acción al amparo de esta Ley *contra su patrono por las represalias de sus agentes, pero no tendrá una causa de acción independiente contra el agente* que llevó a cabo dichos actos. *Caballer Rivera v. Adriel Toyota et al.*, supra, pág. 132; *Santiago Nieves v. Braulio Agosto Motors*, supra, pág. 384.

### D. Remedio General de Daños y Perjuicios

La jurisprudencia reconoce que, como regla general, un empleado solo podrá reclamar aquellos remedios dispuestos en las leyes laborales cuando se trate de actos cometidos por un patrono, siempre que se encuentren previstos y sancionados en estas. *Santiago Nieves v. Braulio Agosto Motors*, supra, pág. 385; *Siaca v. Bahía Beach Resort*, 194 DPR 559, 606 (2016) *SLG Pagán-Renta v. Walgreens*, 190 DPR 251, 260 (2014). La razón de esta norma es evitar la doble compensación cuando una ley laboral concede la indemnización como remedio exclusivo. *Santiago Nieves v. Braulio Agosto Motors*, supra; *Siaca v. Bahía Beach Resort*, supra.

Sin embargo, no debe entenderse que este principio excluye la responsabilidad que una persona pudiese tener por conducta torticera e independiente a aquella contemplada en la legislación laboral. De esta manera, el empleado tendrá facultad para ejercer una acción para solicitar un remedio general al amparo del Artículo 1536 del Código Civil, 31 LPRA sec. 10801, en aquellas instancias en que las leyes laborales no prevean ni sancionen un tipo de conducta, o cuando esta constituya un acto culposo o negligente. *Méndez Ruiz v. Techno Plastics*, supra; *Santiago Nieves v. Braulio Agosto Motors*, supra, págs. 385-386; *Siaca v. Bahía Beach Resort*, supra, págs. 606-607. No obstante, este remedio estará sujeto a que el empleado agraviado logre probar todos los elementos de esta causa de acción. *Santiago Nieves v. Braulio Agosto Motors*, supra, pág. 386.

### III.

La peticionaria recurre ante nos, y arguye que el TPI-Caguas se equivocó al declarar "*No Ha Lugar*" una "*Solicitud de Desestimación y/o Contestación a Querella*". Por esto, nos solicita que revisemos la "*Resolución sobre Solicitud de Desestimación*" recurrida, y revoquemos la misma.

Alega, en su recurso, que el Foro Primario erró en su interpretación de las leyes laborales aquí esbozadas, reconociendo a Berríos Velázquez como patrono de Masa De León para efectos estatutarios. Señala que esta interpretación la expone a las causas de acción de despido injustificado, represalia y daños y perjuicios bajo la Ley Núm. 80 y la Ley Núm. 115-1991. Razona, además, que incidió el Foro Primario al determinar que la recurrida cumplió con los requisitos dispuestos en la Ley Núm. 90-2020 para incoar su reclamación por acoso laboral. *Le asiste la razón.*

Si bien es cierto que las leyes laborales deben interpretarse amplia y liberalmente para garantizar los derechos de los trabajadores, es nuestro deber asegurar que su ejercicio se dirija contra las personas que realmente se encuentran en violación de esta firme política pública. A estos fines, es norma establecida que las leyes laborales requieren la existencia de una relación obrero-patronal para que un empleado pueda ejercer sus facultades y derechos al amparo de este tipo de legislación contra su patrono actual o pasado.

Según expuesto, las leyes laborales antes reseñadas establecen al patrono como aquella persona natural o jurídica que emplee o que permita trabajar a un empleado mediante compensación. Aún más, la Ley Núm. 115 amplia su ámbito para incluir en su definición tanto a los agentes como a los supervisores del patrono real. Sin embargo, la inclusión de estos últimos tiene la única finalidad de responsabilizar vicariamente a dicho patrono real por los actos proscritos en dicha Ley. Por tal razón, es imperativo determinar quien es el patrono contra la cual la recurrida debe reclamar los remedios que proveen la Ley Núm. 80 y la Ley Núm.115.

Según surge del expediente, la recurrida presentó su "*Querella*" el 19 de mayo de 2025, y dirigió sus causas de acción

bajo la Ley Núm. 80, la Ley Núm. 90-2020, la Ley Núm. 115 y Daños y Perjuicios conjuntamente contra SUAGM y la recurrente. En dicho escrito, la propia recurrida identifica a Berríos Velázquez como su *supervisora* inmediata y como *empleada de SUAGM*.[9] Aún más, SUAGM, en su "*Contestación a Querella*", reitera tal alegación al admitir que la recurrente "*ha sido y continúa siendo empleada del SUAGM para todo propósito pertinente a esta acción*".[10]

Resulta patente que en el caso ante nos, SUAGM es el patrono real de Masa de León para propósitos de las causas de acción ante la consideración del Foro Primario, pues es la codemandada quien se beneficiaba directamente de los servicios de la recurrida, y quien tiene el poder de decidir su condición laboral. Si bien es cierto que Masa de León reclama contra Berríos Velázquez por unos alegados actos hostiles constitutivos de acoso y de represalias realizados durante su tiempo de empleo para SUAGM, la Ley Núm. 80 y la Ley Núm. 115 persiguen responsabilizar y sancionar al patrono real, en este caso la codemandada, por la conducta en ellas proscrita, aun cuando sean realizadas por sus supervisores. En otras palabras, ambas leyes laborales no proveen una causa de acción independiente para reclamar sus remedios directamente contra los supervisores que laboren para el mismo patrono.

Queda meridianamente claro que las disposiciones de la Ley Núm. 80 y la Ley Núm. 115 proveen remedios exclusivamente contra el patrono real del empleado agraviado. De esta manera, las causas de acción presentadas por Masa de León al palio de estas dos (2) leyes laborales deben ir dirigidas directamente contra SUAGM, independientemente de que la recurrente haya incurrido en la conducta sancionada en las mismas. Por tal razón, no

---

[9] SUMAC, Entrada Núm. 1
[10] SUMAC, Entrada Núm. 11

podemos sino coincidir con el hecho de que el TPI-Caguas *debió desestimar las causas de acción por despido injustificado y represalias contra Berríos Velázquez.*

Ahora bien, nada en las leyes laborales en cuestión prohíben que un empleado combine otras acciones que provean otros remedios generales por aquellas conductas que no estén expresamente proscritas en la legislación laboral. En la medida que Masa de León alega y reclama una indemnización por concepto de daños y perjuicios por los alegados actos de represalias y acoso laboral que le imputa a Berrios Velázquez, no podemos si no ordenar que el Foro Primario continue los procedimientos contra la recurrente en cuanto a esta causa de acción, al amparo del Artículo 1536 del Código Civil, supra.

Por último, debemos atender el señalamiento relacionado a la causa de acción por acoso laboral, presentada en primera instancia ante el Foro Primario al amparo de la Ley Núm. 90-2020. En el caso ante nos, la recurrida alega que, durante su último periodo de empleo en SUAGM, sufrió un patrón de hostigamiento laboral por parte de su supervisora, Berrios Velázquez. Surge del expediente que la recurrida optó por acudir directamente al TPI-Caguas para presentar su causa de acción al amparo de la Ley Núm. 90-2020, pues alega que la Ley permite este proceder cuando el autor del acoso es el propio patrono. No obstante, aunque esta Ley sí permite al empleado agraviado presentar su reclamo por la vía judicial, lo cierto es que debe recurrir a otros foros antes de acudir a los tribunales para solicitar tales remedios. Así lo dispone expresamente el Artículo 10 de la Ley Núm. 90-2020, supra.

Toda vez que la legislación laboral sobre esta materia es clara y libre de toda ambigüedad, no es prudente obviar su claro mandato legislativo. *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028

(2020). Por tal razón, debemos coincidir al determinar que el Foro Primario erró al asumir jurisdicción sobre esta causa de acción y así continuar los procedimientos sobre acoso laboral, pues no se agotaron los procesos estatuidos en la Ley Núm. 90-2020. No obstante, en atención a que una reclamación ante el patrono resultaría infructuosa en esta etapa de los procedimientos, somos del criterio que *lo procedente en este caso es referir el mismo al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, tal cual lo ordena el Artículo 10 de esta Ley.*

Luego de un examen sosegado del expediente ante nos, resulta forzoso concluir que el TPI-Caguas incurrió en los errores señalados por la recurrente. Las alegaciones incluidas en la "*Querella*" no establecen una reclamación que justifique la concesión de un remedio contra Berrios Velázquez al palio de la Ley Núm. 80 y la Ley Núm. 115. No obstante, estas leyes no excluyen acciones independientes por actos no previstos en ellas, por lo que corresponde continuar los procedimientos en daños y perjuicios contra la recurrente. Por su parte, la controversia relacionada al acoso laboral debe remitirse Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, previo a que el Foro Primario pueda entender sobre la misma.

Por los fundamentos antes expuesto, se desestiman las causas de acción presentadas por Masa de León contra Berrios Velázquez en cuanto a las causas de acción de Despido Injustificado y Represalias. También se desestima la causa de acción por Acoso Laboral, pero se ordena su remisión al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, conforme dispone la Ley Núm. 90-2020. Finalmente, se ordena la continuación de los procedimientos sobre la causa de acción por Daños y Perjuicios contra la recurrente.

**IV.**

Por los fundamentos que anteceden, *expedimos el recurso solicitado, y lo modificamos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones